UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. RUIZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-2389 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On March 28, 2017, plaintiff Richard B. Ruiz filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 30, 2017 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The Commissioner's findings are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

In February 2013, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on July 1, 2007, due to diabetes, back problems, arthritis, high blood pressure, high cholesterol, right hand osteoporosis, and right shoulder pain. (Administrative Record ("AR") 45, 237, 247, 263). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by a Spanish language interpreter) and a vocational expert on April 21, 2015. (AR 65-101).

On June 22, 2015, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 45-59). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: diabetes mellitus with possible diabetic neuropathy, history of right wrist fracture, osteoarthritis of the bilateral hands, and bilateral carpal tunnel syndrome – status post carpal tunnel release on the right in January 2012 (AR 47-52); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 52-53); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 53); (4) plaintiff was unable to perform any past relevant work

---

[1]The ALJ determined that plaintiff could (i) lift and/or carry 20 pounds occasionally and 10 pounds frequently; (ii) stand and/or walk six hours and sit six hours in an eight-hour workday; (iii) frequently balance, and climb ramps and stairs; (iv) occasionally stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds; (v) frequently handle and finger with the dominant right upper extremity; and (vi) understand, remember, and carry out simple work

(continued...)

2

(AR 57); (5) there are other jobs that exist in significant numbers in the national economy that plaintiff could perform (AR 57-58); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely credible (AR 55).

On February 7, 2017, the Appeals Council denied plaintiff's application for review. (AR 1-8). The Notice of Appeals Council Action ("AC Notice") indicated that the Appeals Council had "looked at records" plaintiff submitted with his application for review, including a September 4, 2015 Physical Residual Functional Capacity Questionnaire from Dr. Sanjuana Castillo, one of plaintiff's treating physicians at AltaMed treatment center ("Dr. Castillo's PRFC").[2] (AR 2; Plaintiff's Motion at 4; Plaintiff's Ex. 1). The Appeals Council did not make Dr. Castillo's PRFC part of the instant Administrative Record, however, purportedly because it was "new information about a later time" and thus "[did] not affect the decision about whether [plaintiff was] disabled beginning on or before June 22, 2015[]" (*i.e.*, the date the ALJ's decision was issued). (AR 2; Plaintiff's Motion at 4-5).

### III. APPLICABLE LEGAL STANDARDS

#### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). To be considered

---

(...continued)
without limitation, occasionally perform detailed work, and not perform complex work. (AR 53).

[2]Dr. Castillo's PRFC is attached as Exhibit 1 to Plaintiff's Motion ("Plaintiff's Ex. 1").

disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or equals a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

**B.     Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir.

2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

### IV. DISCUSSION

Plaintiff essentially contends that (1) a remand is required to permit the ALJ to consider "new and material evidence" in Dr. Castillo's PRFC which "renders the ALJ's decision no longer supported by substantial evidence[]"; (2) the ALJ improperly rejected the opinions of an examining nurse practitioner; and (3) the ALJ improperly disregarded a Nerve Conduction EMG Study of plaintiff. (Plaintiff's Motion at 4-9). For the reasons discussed below, a reversal or remand for further proceedings is not warranted on any of the asserted grounds.

#### A. Plaintiff Is Not Entitled to a Remand Based on New Evidence Submitted to the Appeals Council

Plaintiff essentially argues that a remand pursuant to sentence six of 42 U.S.C. § 405(g)[3] ("Sentence Six") is "necessary" because the Appeals Council

---

[3]Sentence Six provides the following:

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the
(continued...)

5

improperly rejected Dr. Castillo's PRFC. (Plaintiff's Motion at 4-6). The Court disagrees.

### 1. Pertinent Law

Social Security regulations mandate that, when deciding whether to review an ALJ's decision, the Appeals Council must consider any additional evidence submitted by a claimant which "is new, material, and relates to the period on or before the date of the [ALJ's] decision. . . ." 20 C.F.R. §§ 404.970(a)(5), (c), 416.1470(b); Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1162 (9th Cir. 2012) (citation and footnote omitted). When the Appeals Council is required to consider such additional evidence, the evidence "becomes part of the administrative record" that a district court must consider when determining whether substantial evidence supports the Commissioner's denial of Social Security benefits. Brewes, 682 F.3d at 1162-63 (citations omitted).

When a claimant submits additional evidence related to a time period *after* the ALJ's decision was issued, the Appeals Council is not required to "accept" or "consider" that evidence in determining whether to grant review. See 20 C.F.R.

---

[3](...continued)
Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

§§ 404.970(a)(5) & (c), 416.1470(a)(5) & (c); cf. Brewes, 682 F.3d at 1162 (Appeals Council required to consider new and material evidence in determining whether to grant review of ALJ's decision only if "the evidence relates to the period on or before the ALJ's decision[]") (citation and footnote omitted). In such cases, the evidence does not become part of the record that the district court must, as a matter of law, consider on appeal. Cf., e.g., Whitten v. Colvin, 642 Fed. Appx. 710, 713 (9th Cir. 2016) (Commissioner properly did not include in administrative record evidence submitted to the Appeals Council which post-dated ALJ's decision) (citing 20 C.F.R. § 404.970(b); Brewes, 682 F.3d at 1162); Knipe v. Colvin, 2015 WL 9480026, at *5 n.5 (D. Or. Dec. 29, 2015) (collecting cases).

Where, like here, a claimant alleges that the Appeals Council improperly declined to consider new medical opinion evidence based on an erroneous finding that the evidence post-dated the ALJ's decision, courts typically evaluate whether a remand is appropriate under the standard for Sentence Six. See Linden v. Colvin, 2017 WL 275364, at *9 (W.D. Wash. Jan. 20, 2017) (citations omitted); Knipe, 2015 WL 9480026, at *6 n.7 ("Other district courts have similarly used sentence six as the proper vehicle for addressing an Appeals Council's improper belief that a medical opinion concerned a time [after] the ALJ's decision.") (citing cases). Remand pursuant to Sentence Six is appropriate only where a plaintiff demonstrates that (1) "the new evidence is material to a disability determination;" and (2) there is "good cause" for not presenting the new evidence to the Commissioner earlier.[4] Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001)

---

[4] A district court may also have discretion to consider such rejected evidence without engaging in a full analysis under Sentence Six. See Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)); cf. Knipe, 2015 WL 9480026, at *6 n.7 (declining to address whether remand would be appropriate without full Sentence Six analysis based on Appeals Council's erroneous rejection of medical opinion evidence as relating to a time after ALJ's decision) (citing id. at 1232-33). Nonetheless, for much the same reason discussed below, plaintiff has not shown
(continued...)

7

(citing 42 U.S.C. § 405(g)); Knipe, 2015 WL 9480026, at *6 (citing 42 U.S.C. § 405(g)). Evidence is material for purposes of Sentence Six if (1) the evidence "bear[s] 'directly and substantially on the matter in dispute[,]'" and (2) there is a "reasonable possibility" that the evidence would have changed the ALJ's decision). See Mayes, 276 F.3d at 462 (citing Ward v. Schweiker, 686 F.2d 762, 764 (9th Cir. 1982); Booz v. Secretary of Health and Human Services, 734 F.2d 1378, 1380-81 (9th Cir. 1984)). When the claimant's proffered evidence could not have been presented at the time of the administrative hearing, there is "good cause" for a Sentence Six remand. Embrey v. Bowen, 849 F.2d 418, 423 (9th Cir. 1988).

### 2. Analysis

Here, plaintiff has not met his burden to show that Dr. Castillo's PRFC contains any opinions about plaintiff's functional abilities that are material to the primary issue before the Commissioner – *i.e.*, whether plaintiff was disabled *on or before* June 22, 2015 (*i.e.*, the date of the ALJ's decision). Dr. Castillo's PRFC was signed on September 4, 2015 and does not expressly state that it was providing any opinions retrospectively, much less opinions relating to plaintiff's functional abilities on or before the ALJ's decision was issued more than two months earlier. (Plaintiff's Ex. 1). In addition, plaintiff points to no evidence in the record which might support a reasonable inference that Dr. Castillo's PRFC contains any evidence material to the pre-decision period. Plaintiff asserts that "Dr. Castillo repeatedly reviewed [plaintiff's] entire medical record dating back to 2011." (Plaintiff's Motion at 5) (citing AR 1115-22, 1164, 1172). Nonetheless, Dr. Castillo's PRFC does not reflect that Dr. Castillo relied on any of his own objective medical findings from such "medical record" in reaching his opinions

---

[4](...continued)
that a remand is warranted even if the Court exercised its discretion to consider the rejected evidence without conducting a full Sentence Six analysis.

that plaintiff essentially had disabling functional limitations. (Plaintiff's Ex. 1). To the contrary, the records plaintiff cites, at most, reflect that Dr. Castillo treated plaintiff for a finger wound in November 2014 (AR 1169, 1170) and that during an April 2015 follow up visit, plaintiff's diabetes was "controlled" and plaintiff was directed simply to continue existing treatment, with a follow up visit with Dr. Castillo scheduled for two months later (AR 1127). While plaintiff correctly observes that "[t]reatment notes from AltaMed are hundreds of pages in length[]" (Plaintiff's Motion at 5 & n. 2) (citing AR 344-52, 353-57, 358-441, 510-50, 551-660, 661-83, 684-754, 864-1003, 1066-1240, 1241-1528), plaintiff nonetheless points to no specific treatment notes among such documents which reflect any objective medical findings by Dr. Castillo that would support any material opinion expressed in Dr. Castillo's PRFC. See generally Carmickle v. Commissioner of Social Security Administration, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address challenge to particular ALJ finding which claimant failed to argue with any specificity in briefing) (citation omitted); Brollier v. Astrue, 2013 WL 1820826, at *6 & nn.112-13 (N.D. Cal. Apr. 30, 2013) (court not required to consider "conclusory unsupported arguments" where plaintiff "fail[ed] to provide any analysis supporting [his position] or argue that [the alleged error] would necessarily have altered the ALJ's ultimate determination") (citing id. at 1162).

     Consistently, the Appeals Council expressly declined to consider Dr. Castillo's PRFC based on its determination that the evidence was "about a later time." (AR 2, 6). To the extent plaintiff suggests that Dr. Castillo's PRFC could also be interpreted as pertaining to a time on or before the ALJ's decision (Plaintiff's Motion at 4-5), the Court will not second guess the Appeals Council's reasonable determination to the contrary. See generally Trevizo, 871 F.3d at 674-75 (Commissioner's decision should be affirmed where evidence "susceptible to more than one rational interpretation") (citation omitted).

///

1		Moreover, Dr. Castillo's PRFC does not appear to contain any relevant
2	evidence that might be probative of a disabling impairment. For example, the
3	opinions expressed in Dr. Castillo's PRFC appear to be based entirely on
4	plaintiff's subjective complaints of pain (Plaintiff's Ex. 1 at 1, 3) and thus, without
5	more, would be insufficient to establish the existence of any severe medical
6	impairment. Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005) ("[U]nder
7	no circumstances may the existence of an impairment be established on the basis
8	of symptoms alone.") (citation omitted); Social Security Ruling ("SSR") 96-4p at
9	*1-2 ("[R]egardless of how many symptoms an individual alleges, or how genuine
10	the individual's complaints may appear to be, the existence of a medically
11	determinable physical or mental impairment cannot be established in the absence
12	of objective medical abnormalities; *i.e.*, medical signs and laboratory findings.");
13	cf., e.g., Ghanim v. Colvin, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may reject
14	treating provider's opinions which are based "to a large extent" on claimant's
15	subjective symptoms rather than clinical evidence, and the ALJ finds the claimant
16	not credible) (citation omitted).
17		Plaintiff also has not met his burden to show "good cause" for a Sentence
18	Six remand. Here, the record contains evidence from which Dr. Castillo may have
19	been able to provide essentially the same opinions about plaintiff's abilities, but at
20	a much earlier point in time. For example, Dr. Castillo's PRFC suggests that he/
21	she had been treating plaintiff for over six months before the ALJ's decision was
22	issued (*i.e.*, since November 17, 2014). (Plaintiff's Ex. 1 at 1). In addition, the
23	"hundreds of pages" of AltaMed treatment notes plaintiff references also appear to
24	relate to treatment plaintiff received before the ALJ issued the decision.
25	(Plaintiff's Motion at 5 & n. 2 (citing AR 344-52, 353-57, 358-441, 510-50, 551-
26	660, 661-83, 684-754, 864-1003, 1066-1240, 1241-1528); Plaintiff's Ex. 1 at 1).
27	Plaintiff provides no explanation at all for why he apparently did not seek
28	///

opinions from the treating physician that could have been provided before the ALJ issued a decision.

Plaintiff also has not shown "good cause" based on his assertion that Dr. Castillo "repeatedly reviewed" plaintiff's medical records "dating back to 2011[.]" (Plaintiff's Motion at 5) (citing AR 1115-22, 1164, 1172). To the extent Dr. Castillo's PRFC contains retrospective opinions based solely on Dr. Castillo's review of other AltaMed treatment records for plaintiff from on or before the date of the ALJ's decision, such opinions were effectively no different than those of any other reviewing physician, and thus are not evidence of good cause for a Sentence Six remand. See Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990) ("A claimant does not meet the good cause requirement [under Sentence Six] simply by obtaining a more favorable report from an expert witness once his claim is denied.") (citing Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985)); cf., e.g., Magallanes v. Bowen, 881 F.2d 747, 754 (9th Cir. 1989) (ALJ properly rejected retrospective opinion from treating physician who "had no direct personal knowledge of [plaintiff's] condition [during pertinent time period], and was thus scarcely different from any non-treating physician with respect to [such] time period" and physician's "retrospective opinion was contradicted by the findings and opinions of several doctors who did have the opportunity to examine [claimant] during [relevant] time period") (citation omitted); Swenson v. Colvin, 2014 WL 6669350, *6 (E.D. Wash. Nov. 24, 2014) ("An ALJ may [] reject a treating physician's retrospective opinion which is merely based on a review of Plaintiff's historical records, rather than on the treating physician's contemporaneous evaluation.") (citing id.). To warrant remand under Sentence Six based on such expert opinion evidence, "[a] claimant must establish good cause for not seeking such [] expert's opinion prior to the denial of his claim." Key, 754 F.2d at 1551. As the discussion above suggests, plaintiff has not done so here.

Accordingly, a remand is not warranted on the asserted grounds.

**B. The ALJ Properly Evaluated the Medical Evidence**

**1. Pertinent Law**

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians" (*e.g.*, "State agency medical or psychological consultant[s]"). 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison, 759 F.3d at 1012 (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

Social Security regulations also distinguish between "*acceptable* medical sources" (*e.g.*, licensed physicians, licensed or certified psychologists) and "*other* medical sources" (*e.g.*, nurse-practitioners, physicians' assistants, chiropractors, therapists). See 20 C.F.R. §§ 404.1513(d), 416.913(d); SSR 06-03P, 2006 WL 2329939, at *1-*2, *5 (emphasis added); Ghanim, 763 F.3d at 1161 (citations omitted). Only "acceptable medical sources" may (1) provide evidence to establish a medically determinable impairment; (2) provide "medical opinions";[5]

---

[5]"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [the claimant]
(continued...)

12

or (3) be a treating physician whose medical opinions may be entitled to controlling weight. See 20 C.F.R. §§ 404.1513(a), 404.1527(a)(2), (d); 20 C.F.R. §§ 416.913(a), 416.927(a)(2), (d); SSR 06-03p, 2006 WL 2329939, at *2. Although acceptable medical sources are generally given more weight, evidence from other medical sources must still be considered, and may be used generally to show the severity of an impairment and how it affects a claimant's ability to work. See 20 C.F.R. §§ 404.1513(d), 416.913(d); Ghanim, 763 F.3d at 1161 (citation omitted); SSR 06-03p, 2006 WL 2329939 at *3, *5. An ALJ's decision must explain the weight given to statements from "other" medical sources, and may reject such statements only by "giving reasons germane to each witness for doing so." Ghanim, 763 F.3d at 1161 (citations and internal quotation marks omitted); SSR 06-03p, 2006 WL 2329939 at *6.

## 2. The ALJ Properly Evaluated Evidence Provided by the Examining Nurse Practitioner

Plaintiff contends that the ALJ failed properly to consider the opinions expressed by nurse practitioner Patricia Oddie in a March 19, 2014 Disability Assessment related to plaintiff's General Relief benefits ("March 19 Assessment"), specifically that plaintiff was "temporarily unemployable" for a "Period of Disability" from March 19, 2014 to March 19, 2015 due to multiple medical impairments (collectively "NP Oddie's Opinions"). (Plaintiff's Motion at 6-8) (citing AR 759). A remand or reversal on this basis is not warranted.

First, plaintiff's conclusory assertion that "[t]he ALJ failed to even mention [NP Oddie's Opinions] in his decision[]" (Plaintiff's Motion at 6), is belied by the ALJ's decision itself which references the March 19 Assessment, observing that

///

---

(...continued)
can still do despite impairment(s), and [] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); see SSR 06-03p, 2006 WL 2329939, at *2.

"[s]ome of the medical source opinions of record describe [plaintiff] as . . . 'unable to work.'" (AR 53) (citing Exhibit 12F at 3 [AR 759]).

Second, the ALJ properly did not give controlling weight or any special significance to NP Oddie's non-medical, conclusory opinion that plaintiff was "temporarily unemployable." (AR 53, 759); see 20 C.F.R. § 404.1527(d)(1), 416.927(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); SSR 96-5P, 1996 WL 374183, at *5 (although ALJ may not ignore medical source opinions on issues reserved to the Commissioner – *i.e.*, that a claimant is "disabled," "unable to work," etc. – such opinions are "<u>never</u> [] entitled to controlling weight or [] special significance") (emphasis added); see also <u>Boardman v. Astrue</u>, 286 Fed. Appx. 397, 399 (9th Cir. 2008) ("[The] determination of a claimant's ultimate disability is reserved to the Commissioner . . . a physician's opinion on the matter is not entitled to special significance.") (citation omitted).

Finally, the ALJ did not, as plaintiff asserts, "cast aside NP Oddie's Opinion[s] without comment." (Plaintiff's Motion at 7) (citing, in part, <u>Matthews v. Shalala</u>, 10 F.3d 678, 680 (9th Cir. 1993)). To the contrary, the ALJ properly gave less weight to NP Oddie's Opinions essentially because the March 19 Assessment was, as the ALJ noted, "brief and conclusory" and provided "little in the way of clinical findings to support its conclusion." (AR 53); cf., e.g., <u>Molina</u>, 674 F.3d at 1111-12 (ALJ had "germane reasons for discounting [physician's assistant's] opinions . . . [which] consisted primarily of a standardized, check-the-box form [] which []failed to provide supporting reasoning or clinical findings. . . ."). As plaintiff notes, NP Oddie provided her opinion based on a one-time assessment conducted in connection with plaintiff's request for continuation of General Relief benefits. (Plaintiff's Motion at 6) (citing AR 757-59). In addition, NP Oddie identified no objective evidence, much less specific clinical

14

findings that supported her conclusions about plaintiff's employability. (AR 759). Plaintiff also points to none in the record. The March 19 Assessment ultimately provided only a "brief diagnosis" for each of several "system[s]" with no explanation at all of the clinical basis for any such medical conclusion. (AR 759). Rejection of such conclusory diagnoses was well within the ALJ's discretion. See Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1228 (9th Cir. 2009) (citation omitted); see also Jonker v. Astrue, 725 F. Supp. 2d 902, 909 (C.D. Cal. 2010) ("[T]he ALJ can discredit a physician's opinion if it is conclusory, brief, and unsupported by medical evidence.") (citing Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)); cf. Matthews, 10 F.3d at 680 ("The mere existence of an impairment is insufficient proof of a disability.") (citation omitted).

Accordingly, a remand or reversal on this basis is not warranted.

### 3. The ALJ Did Not Materially Err in Considering Evidence of a Nerve Conduction Study

Plaintiff also contends that the ALJ failed properly to consider the report of an April 8, 2015 Nerve Conduction EMG Study of plaintiff ("Nerve Conduction Study") in which Dr. M.S. Kundi documented bilateral "carpel tunnel syndrome" and "[mild] ulna neuropathy" for plaintiff. (Plaintiff's Motion at 8; see AR 1063-64). Plaintiff has not shown that a remand or reversal is warranted on this basis.

Here, plaintiff appears to suggest that the ALJ mischaracterized certain evidence. (Plaintiff's Motion at 8). For example, plaintiff notes that "[t]he ALJ specifically noted in his decision that [plaintiff] reported in February 2015 that he was continuing to suffer from bi-lateral forearm pain but the ALJ stated that there was no evidence of further treatment/or work-up for this condition[,]" and argues that the Nerve Conduction Study "belies [the ALJ's] statement that there was no further work-up or treatment for this impairment." (Plaintiff's Motion at 8) (citing AR 49). The ALJ, however, actually stated that plaintiff had been "diagnosed

with *cubital* tunnel syndrome" in February 2015 around the time when plaintiff reported bi-lateral forearm pain, that the ALJ "[found] no evidence of further treatment and/or work-up for *cubital* tunnel syndrome[]" (not plaintiff's bi-lateral forearm pain generally), and that the ALJ did not find *that* condition to be a "medically determinable impairment." (AR 49) (citing Exhibit 14F at 15 [AR 878]). In addition, as noted above, the ALJ found bilateral carpal tunnel syndrome and "possible diabetic neuropathy" to be severe impairments at step two. (AR 47). Plaintiff has not shown that the ALJ materially erred by not also finding *cubital* tunnel syndrome and/or ulnar neuropathy among plaintiff's severe impairments.

In any event, plaintiff has not otherwise shown that the ALJ materially erred by not expressly discussing the results of the Nerve Conduction Study. (AR 49, 1063). The ALJ was not required to discuss every piece of evidence in the record. See Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir. 2012) (citing Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003)). Here, the ALJ said he gave "careful consideration [to] all the evidence[.]" (AR 45). The ALJ's decision included a thorough and detailed discussion of the record medical evidence, and plaintiff has not persuasively shown that such discussion failed adequately to account for all significant, probative evidence regarding plaintiff's impairments and limitations. Simply because the ALJ did not expressly discuss what appear to be cumulative findings in the Nerve Conduction Study regarding the possible cause of plaintiff's subjective symptoms in his forearms does not mean the ALJ failed to consider the referenced evidence. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]"). Moreover, plaintiff points to no evidence that the Nerve Conduction Study disclosed any functional limitation that was not already accounted for in the ALJ's residual functional capacity assessment for plaintiff.

Accordingly, a remand or reversal on this basis is not warranted.

16

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 11, 2018

                                                  /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE